IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **CHAPTER 11** |
| | § | |
| **BASIC ENERGY SERVICES, INC.,** *et al.*, | § | Case No. 21-90002 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| | § | |
| Debtors.[1] | § | |
| | § | |
| **PPC ENERGY, LP and PRIEST PETROLEUM CORPORATION**, | § | |
| | § | |
| Plaintiffs, | § | Adversary No. 23-03208 |
| | § | |
| vs. | § | |
| | § | |
| **SELECT ENERGY SERVICES, LLC,** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS AND SUPPORTING BRIEF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Basic Energy Services, L.P. (1819); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); Agua Libre Midstream LLC (6701); and Basic ESA, Inc. (2279). The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

DEFENDANT'S MOTION TO DISMISS AND SUPPORTING BRIEF – PAGE 1

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Defendant Select Energy Services, LLC n/k/a Select Water Solutions, LLC ("*Select*") moves to dismiss all claims filed by Plaintiffs PPC Energy, LP and Priest Petroleum Corporation ("*Plaintiffs*") under Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b).

Select and certain of its affiliates purchased assets from Basic Energy Services, L.P. ("*Basic*") and other Debtors under an Asset Purchase Agreement ("*APA*") this Court approved in an Order dated September 23, 2021 (the "*Sale Order*").[2] At the time of the APA and Sale Order, Plaintiffs were in litigation against Basic in the 143rd District Court of Reeves County, Texas (the "*Reeves County Case*"), where Plaintiffs alleged that Basic had flooded Plaintiffs' oil and gas wells by operating a commercial salt-water disposal well known as the Orla Kessler. Basic disclosed the Reeves County Case as pending litigation on Schedule 3.08 to the APA. But nothing in the APA or the Sale Order obligated Select to assume liability for Plaintiffs' claims against Basic in the Reeves County Case; it was a sale "free and clear" of those claims.

Contrary to the APA and Sale Order, however, Plaintiffs recently filed breach of contract and declaratory judgment claims against Select in a baseless attempt to hold Select liable for a May 2023 judgment Plaintiffs obtained against Basic in the Reeves County Case on a single count of common-law negligence (the "*Negligence Judgment*"). These claims fail as a matter of law and must be dismissed for numerous reasons, including:

- Basic has *appealed* the Negligence Judgment – a fact subject to judicial notice from public records even though Plaintiffs failed to disclose it in their Petition – so the

---

[2] *See Order (I) Approving (A) the Sale of the Water Logistics Business of the Debtors Free and Clear of All Liens, Claims, Interests, and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* [Main Dkt. 438], ¶ 2 (approving APA). The form of APA originally was filed as Dkt. 39-1, pp. 316-410. The executed APA, together with certain relevant exhibits and Schedule 3.08, is included as Exhibit A in Select's appendix of exhibits ("*App.*") supporting this motion.

- Negligence Judgment is not currently due from Basic and, indeed, if Basic prevails on its Appeal, the Negligence Judgment will *never* come due;

- The Negligence Judgment is not an "Assumed Liability" under the APA or Sale Order because Select did not assume liability for negligence claims against Basic;

- Plaintiffs are not third-party beneficiaries of the APA and cannot enforce its "Assumed Liability" provisions; and

- Even if Plaintiffs were third-party beneficiaries, Plaintiffs cannot enforce the APA against Select because they breached the forum-selection clause by filing this case in state court and putting Select to the expense and hassle of removal.

Plaintiffs also filed two negligence claims against Select based on alleged post-acquisition operation of the Orla Kessler. But these claims likewise fail. Plaintiffs admit in their Petition (¶19) and other public filings that their wells were destroyed by Basic and other third parties *before* Select acquired the Orla Kessler through the APA and Sale Order. Thus, by Plaintiffs' own admissions, Select's alleged post-acquisition negligence could not have caused Plaintiffs' alleged damages. The gross negligence claim fails for the same reason, and additionally fails because Plaintiffs' allegations of "extreme degree of risk" and "conscious indifference" are wholly conclusory and not entitled to an assumption of truth.

Ultimately, the Petition fails to state any claims against Select and must be dismissed.[3]

---

[3] Plaintiffs' Petition refers to, paraphrases, and quotes from various agreements, orders, judgments, and other documents that were not attached to the Petition, but of which this Court may take judicial notice. For the Court's convenience, Select has included several of these documents in a separately-filed appendix. On a motion to dismiss, the Court can consider documents which are "referred to in the plaintiff's complaint and are central to [its] claim." *See Taylor v. Hartley*, 488 F. Supp.3d 517, 526 (S.D. Tex. 2020); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007), citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994). Accordingly, the Court may consider the contents of Select's appendix in resolving this motion.

**I.     PLAINTIFFS' NEGLIGENCE JUDGMENT AGAINST BASIC IS ON APPEAL; THEREFORE SELECT HAS NOT BREACHED THE APA AND IS NOT RESPONSIBLE TO PAY THE BASIC JUDGMENT AS A MATTER OF LAW.**

Under applicable Texas law, an unambiguous contract such as the APA is construed as a matter of law. *See Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 479 (Tex. 2019); APA, § 11.05 (Texas law applies.). The APA required Select to "assume all Assumed Liabilities" in § 2.05(b), and more specifically required Buyer and Sellers to execute an "Assumption Agreement . . . in the form of Exhibit C . . . ." to the APA. *See* APA, §§ 2.05(c)(iii), 2.05(d)(iii), and 8.02(c). Basic, Select, and two of Select's affiliates thus entered into three assumption agreements in the form of Exhibit C to the APA (the "***Assumption Agreements***") to govern assumption of the "Assumed Liabilities" under the APA.[4]

Each Assumption Agreement unambiguously provides that Select (or the applicable affiliate) "undertakes, assumes, covenants to pay, perform, observe the terms of, satisfy and/or discharge *if, as*, *when and to the extent due* in accordance with the terms thereof, *the following liabilities and obligations of Sellers* [*i.e.*, the Assumed Liabilities] . . . ." *See* App. pp. 115, 123, 128, 134 [Assumption Agreements, § 2 (emphasis added)]; *see also* App. p. 81 [APA, p. A-2 (definition of "***Assumed Liabilities***")]. Thus, under the APA and Assumption Agreements, Select could – at most – be responsible to pay a liability of Basic "if, as, when and to the extent" it is "due" from Basic.

Although Plaintiffs failed to disclose it in their Petition, Basic ***appealed*** the Negligence Judgment on August 9, 2023, approximately two weeks before Plaintiffs filed this case against Select. *See* App. Ex. E (Notice of Appeal). As a result of the Notice of Appeal, the Negligence

---

[4]    *Compare* APA Ex. C (App. pp. 115-120) *with* the Assumption Agreements at Appendix Exhibits B, C, and D (App. pp. 123-138).

Judgment is *not* due from Basic.[5] Indeed, if Basic prevails on appeal, the Negligence Judgment will *never* be due from Basic. And because Select only agreed to pay Assumed Liabilities "if, as, when and to the extent due" from Basic, Select has not breached any obligation to pay the Negligence Judgment, and is not responsible to pay the Negligence Judgment. Plaintiffs' breach of contract and declaratory relief claims thus fail as a matter of law and must be dismissed.

## II. THE NEGLIGENCE JUDGMENT IS NOT AN "ASSUMED LIABILITY" UNDER THE APA.

Even if the Negligence Judgment were somehow "due" from Basic despite the pending appeal and the automatic stay,[6] it is not and will never be due from Select, because a judgment against Basic for negligence falls outside the APA's definition of "Assumed Liabilities."[7]

Under the APA, "[a]ll liabilities of Sellers other than the Assumed Liabilities" are "Excluded Liabilities" which "shall be retained by Sellers." *See* App. p. 18 [APA, § 2.05(b)]. The APA defines "Assumed Liabilities" on page A-2 (App. p. 81). The only clause of that definition which Plaintiffs attempt to invoke in this case is subsection (e):

> [A]ll Liabilities associated with the Assets *arising under Environmental Law*, including with respect to Environmental Claims whether arising on, before or after the Closing Date, including without limitation those related to the control, storage, handling, transporting and disposing of or discharge of all materials, substances and wastes from the Assets, including produced water, hydrogen sulfide gas, drilling

---

[5] There was no need for Basic to supersede the Negligence Judgment on appeal because Plaintiffs waived any right to collect from Basic or its estate as part of a *Stipulation and Order Granting Limited Relief from the Automatic Stay* which this Court approved on October 15, 2021 [Dkt. 497] (the "**Lift-Stay Order**").

[6] The automatic stay remains in effect, except to the extent modified by the Lift-Stay Order, because the chapter 11 cases have not been closed or dismissed and, although the Debtors confirmed a plan, it was a liquidating plan without a discharge. *See* 11 U.S.C. § 362(c)(2); *see also Order Confirming the Debtors' Combined Plan of Liquidation and Approving on a Final Basis the Disclosure Statement of Basic Energy Services, Inc. and its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. 1436], p. 13 ¶ 28.

[7] Consistent with the APA and the "free and clear" nature of the sale, the Sale Order "absol[ves] [Select] from any potential claims of successor liability . . . to the greatest extent allowed by applicable law." Sale Order, ¶ 24.

> fluids, NORM and other wastes (but, for the avoidance of doubt, excluding any fines or penalties arising under or related to any such matters attaching to the Sellers as the owners or operators of the Assets prior to the Closing).

*See* APA, p. A-2 (definition of "Assumed Liabilities"); *see also* Petition, ¶¶ 37-44.

Any liability of Basic on the Negligence Judgment does not "aris[e] under Environmental Law"[8] and is not an Environmental Claim[9] because the jury in the Reeves County Case received only a single broad-form negligence question, to which it answered "Yes" as to Basic and two unrelated companies. *See* App. p. 150 [(Negligence Judgment), p. 7]. There are absolutely no findings in the Negligence Judgment that Basic violated any Environmental Law. Tellingly, Plaintiffs' Petition makes no effort to identify such findings. Because there are none.

In fact, the Negligence Judgment is conclusive in the ***opposite*** direction, because it expressly denies all other relief Plaintiffs sought against Basic, aside from the negligence claim. Although the jury only considered a common-law negligence claim, Plaintiffs had asserted numerous other causes of action, some of which ***did*** seek declarations that Basic violated various provisions of the Texas Natural Resources Code and committed "statutory" waste. For example, Plaintiffs alleged:

---

[8] Courts have recognized that the phrase "arising under" has "a very narrow scope." *See Buell Door Co. v. Architectural Sys., Inc.*, No. 3:02-CV-721-AH, 2002 WL 1968223, at *6 (N.D. Tex. Aug. 20, 2002); *see also Coffman v. Provost Umphrey Law Firm, L.L.P.*, 161 F. Supp. 2d 720, 725 (E.D. Tex. 2001) ("[T]his arbitration clause does not contain the broader terms 'in connection with' or 'relating to', which, according to the Fifth Circuit, distinguish a broad arbitration clause from a narrow clause which uses only the term 'arising out of' or 'arising under' the agreement. Therefore, the arbitration clause is a narrow clause, only requiring the arbitration of Plaintiff's claims which literally arise under the contract"), *aff'd sub nom*. 33 Fed. Appx. 705 (5th Cir. 2002); *cf. Your Town Yellow Pages, L.L.C. v. Liberty Press, L.L.C.*, No. CIV.A. 309-CV-0605-D, 2009 WL 3645094, at *4 (N.D. Tex. Nov. 2, 2009) (recognizing that the word "herefrom" is "akin to 'hereunder' or 'arising under' in the direct relationship it suggests between the contract and the subsequent claim.").

[9] The APA defines "Environmental Claim" as "any affirmative obligation to affect cleanup or remediation under, or resolve noncompliance with, any Environmental Law and any Liability associated with or arising therefrom." *See* App. p. 83 [APA, p. A-4].

- A claim for "negligence per se" based on Basic's alleged violations of various specifically cited provisions of the Texas Natural Resources Code and permits issued by the Railroad Commission of Texas;

- A claim for common law and statutory waste, which also cited provisions of the Texas Natural Resources Code; and most importantly

- A claim for ***declaratory judgment*** seeking a finding ***that Basic violated*** multiple provisions of the Texas Natural Resources Code.

*See* App. pp. 160-62 [Plaintiffs' Second Amended Petition and Plea in Avoidance in the Reeves County Case) (the "***Reeves County Petition***"), pp. 4-6]. Again, the jury did not make any findings in support of these claims. And more importantly, the court *rejected* each such claim by expressly holding that "this Final Judgment disposes of all parties and claims in the case" and that "any and all other relief not otherwise granted herein, including any other relief that could have been requested by the parties in this case but was not, is hereby **DENIED**." App. p. 145 [Negligence Judgment, p. 2) (emphasis in original)]. So not only is the Negligence Judgment not a "Liabilit[y] . . . arising under Environmental Law," the Negligence Judgment is a ***conclusive rejection*** of Plaintiffs' claims in the Reeves County Case which alleged purported violations of Environmental Law.

Negligence is <u>not</u> an Assumed Liability under the APA and Plaintiffs do not allege otherwise. *See* Petition, ¶¶ 37-44. Indeed, negligence is precisely the type of activity which the parties excluded from the concept of "Environmental Law" under the APA, because the last sentence of that definition states that "The term 'Environmental Laws' does not include good or desirable operating practices or standards that may be employed or adopted by other salt water disposal well operators or recommended, but not required, by a Governmental Authority." *See* App. p. 84 [APA, p. A-5 (definition of "Environmental Law")].

Because the Negligence Judgment did not arise under Environmental Law, it is not an Assumed Liability. As a result, Select does not have, nor has it breached, any obligation to pay

the Negligence Judgment, and Plaintiffs' breach of contract and declaratory relief claims fail as a matter of law and must be dismissed.

### III. PLAINTIFFS CANNOT ENFORCE THE APA.

Even if the Negligence Judgment were due from Basic (it isn't because of the appeal), and even if the Negligence Judgment were an Assumed Liability (it isn't because it didn't arise under Environmental Law), Plaintiffs' breach of contract and declaratory judgment claims *still* would fail because Plaintiffs are not entitled to enforce the APA against Select.

#### A. Plaintiffs are not third-party beneficiaries and cannot enforce the APA.

"The fact that a person might receive an incidental benefit from a contract to which he is not a party does not give that person a right of action to enforce the contract." *MCI Telecomm. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999). Instead, a third party may claim rights under a contract made between other parties only if the parties both intended to secure a benefit to that third party and entered into the contract directly for the third party's benefit. *Id*. A third-party beneficiary to a contract cannot be created by implication. *Id*. Rather, "[t]he intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out or enforcement by the third party must be denied." *Id*.; *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011) ("in the absence of a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party, courts will not confer third-party beneficiary status by implication."). Further, "[a]ll doubts must be resolved against conferring third-party beneficiary status." *Tawes*, 340 S.W.3d at 425. Accordingly, Texas law gives "great weight to the expression of the contracting parties' intent not to create third-party beneficiaries." *Wal-Mart Stores, Inc. v. Xerox State & Local Solutions, Inc.*, 663 S.W.3d 569, 584 (2023).

Here, Section 11.08 of the APA provides that there are no third-party beneficiaries except five defined categories, none of which includes Plaintiffs individually or Basic's creditors

generally. Accordingly, Select's assumption of the Assumed Liabilities is enforceable only by Basic,[10] not by Plaintiffs. *See MCI*, 995 S.W.2d at 651-52 (holding that a provision in a contract that explicitly stated no benefits were conferred to non-signatories was clear and unambiguous and denying third-party beneficiary status as a result); *Nw. Nat. Ins. Co. of Wisconsin v. FMC Corp.*, 845 F. Supp. 2d 697, 703 (W.D.N.C. 2012) (giving effect to contractual provision disclaiming third-party beneficiaries and holding that "Plaintiff is expressly precluded from being a third-party beneficiary to the PSA under Texas law"). Plaintiffs thus cannot enforce the APA because they are not third-party beneficiaries.

      **B.**      **Plaintiffs breached the mandatory Bankruptcy Court forum-selection clause in the APA and cannot support their allegation that "Plaintiffs either fully performed or tendered full performance per the terms of the APA."**

Further, even if Plaintiffs were third-party beneficiaries of the APA, they cannot show compliance with the APA as is required to enforce its terms, because Plaintiffs breached the forum-selection clause by filing their Petition in state court. *See Obuekwe v. Bank of Am., N.A.*, No. 4:11-CV-762-Y, 2012 WL 1388017, at *5 (N.D. Tex. Apr. 19, 2012) ("An essential element of a breach-of-contract claim is performance or tendered performance by the plaintiff. Because Plaintiff cannot meet this element, she has failed to state a claim for breach of the deed of trust.") (internal citation and quotation marks omitted).

"A third-party beneficiary 'steps into the shoes' of the contracting parties and is subject to and bound by all provisions of the contract." *W. Loop Hosp., LLC v. Houston Galleria Lodging Assocs., LLC*, 649 S.W.3d 461, 482 (Tex. App.–Houston [1st Dist.] 2022, pet. denied) (third-party beneficiary was bound by merger clause contained in the contract); *Martinez v. ACCC Ins. Co.*, 343 S.W.3d 924, 929 (Tex. App.–Dallas 2011) (third-party beneficiary was bound by conditions

---

[10] Select does not concede any liability to Basic by this or any other statement.

precedent required by the contract). This includes forum-selection clauses, which courts regularly hold are binding on third-party beneficiaries. *See In re W. Dairy Transp., L.L.C.*, 574 S.W.3d 537, 551 (Tex. App.—El Paso 2019, orig. proceeding) ("[A] nonsignatory to a contract containing a forum-selection clause may be bound by the clause if he or she is deemed a third-party beneficiary of the contract."); *Harland Clarke Holdings, Corp. v. Milken*, 997 F. Supp. 2d 561, 581 (W.D. Tex. 2014) (same) (citations omitted).

Here, Section 11.06 of the APA requires each Party to bring any suit "arising out of or related to this Agreement or the transactions contained in or contemplated by this Agreement" "exclusively in . . . the Bankruptcy Court so long as the Bankruptcy Cases remain open . . . ." This case indisputably arises out of the APA and relates to the transactions contemplated by the APA and, therefore, had to be brought in the Bankruptcy Court because the Bankruptcy Cases remain open. Yet, Plaintiffs instead filed suit in state court and thereby breached APA § 11.06.

Plaintiffs, even if treated as third-party beneficiaries, thus cannot enforce the APA because they have failed to fully perform or tender full performance per the terms of the APA (as alleged in ¶ 66 of the Petition), and cannot enforce the APA against Select.

### IV. BOTH NEGLIGENCE CLAIMS FAIL TO PLAUSIBLY ALLEGE CAUSATION AND THE GROSS NEGLIGENCE CLAIM FAILS FOR CONCLUSORY PLEADING OF OTHER ESSENTIAL ELEMENTS.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "'[A] formulaic recitation of the elements of a cause of action will not do,'" and legal conclusions are not entitled to an assumption of truth. *Id*. at 678-79 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The question of plausibility turns on whether the well-pleaded, non-conclusory allegations, taken as true, "plausibly give rise to an entitlement to relief." *See Iqbal*, 556 U.S. at 678-79. If the answer is no, then the complaint does not satisfy Rule 8. *Id*. at 680, 687.

Plaintiffs' remaining claims, for purported negligence and gross negligence based on Select's alleged post-acquisition conduct, fail the above pleading standards and must be dismissed.

### A.  Both negligence claims fail to plausibly allege causation.

Proximate causation is an element of Plaintiffs' negligence and gross negligence claims. *See IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004) (negligence); *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 246 (Tex. 2008) (gross negligence).

Plaintiffs' negligence and gross negligence claims fail to plausibly allege the element of causation and must be dismissed. Indeed, Plaintiffs' own allegations in this case and two other cases conclusively demonstrate that Select could not have caused Plaintiffs' alleged harm because Plaintiffs admit the harm occurred before Select acquired any assets under the APA.

In this case, Plaintiffs concede that in their Reeves County Case, which was filed against Basic in January 2020 (twenty months before the Debtors filed these chapter 11 cases and even longer before the Sale Order), Plaintiffs "alleged . . . that Basic's injection of wastewater into the Orla Kessler destroyed Plaintiffs' oil and gas resources"). *See* Petition, ¶¶ 18-19.

In the Reeves County Case, Plaintiffs were more explicit about the timing of this alleged destruction, and their allegations make clear that Plaintiffs' wells were destroyed years ***before*** Select acquired the Orla Kessler, not by Select after the acquisition. *See* App. pp. 158-59 [(Reeves County Petition), ¶ 8 (alleging that "[a]s of December 2, 2019, Plaintiffs' last remaining producing well started flowing [water] at the surface")].

Finally, in a case before the U.S. District Court for the Southern District of Texas where Plaintiffs are trying to collect the Negligence Judgment from certain of Basic's insurers,[11] Plaintiffs filed an *Answer to Plaintiffs' Original Complaint and Original Counterclaim* (the "***Insurance Counterclaim***") in which Plaintiffs admitted:

- "On December 2, 2019, the last remaining producing well operated by PPC began flowing wastewater at the surface and all of PPC's underground oil and gas reserves were irrevocably lost" [App. p. 178 (Insurance Counterclaim, p. 12 ¶ 18)]; and

- "[T]here was no evidence at trial that the permanent harm to the PPC leasehold interest and wells could have been avoided or limited had basic stopped injecting on September 12, 2019" [App. p. 179 (*Id*. at p. 13 ¶ 22)].

Plaintiffs' allegations in this case, the Reeves County Case, and the Insurance Case thus prove that, to the extent Plaintiffs were damaged, those damages occurred before Select acquired any of the assets. This negates causation as to Select. *See Johnson v. Walker*, No. 09-22-00255-CV, 2023 WL 2182299, at *6 (Tex. App.—Beaumont Feb. 23, 2023, no pet.) (affirming dismissal where the plaintiffs' allegations conclusively proved that the actions of a third party, not the defendant's, proximately caused the plaintiffs' harm). Thus, because Plaintiffs admit that their wells were destroyed before Select acquired the Orla Kessler, Plaintiffs have failed to plausibly allege Select was the proximate cause of their alleged damages and Plaintiffs' negligence and gross negligence claims based on alleged post-acquisition salt-water disposal by Select must be dismissed as a matter of law.

### B. The gross negligence claim fails to plausibly allege an "extreme degree of risk" or "conscious indifference."

Gross negligence requires that: (1) "viewed objectively from the actor's standpoint," the act "involve[d] an extreme degree of risk, considering the probability and magnitude of the

---

[11] *Aspen Managing Agency Limited et al. v. Basic Energy Services, LP et al.*, S.D. Tex. No. 4:22-CV-03215 (the "***Insurance Case***")

potential harm to others" and (2) the actor had "actual, subjective awareness of the risk involved, but nevertheless proceed[ed] in conscious indifference to the rights, safety, or welfare of others." *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014) (per curiam).

A complaint should be dismissed where it is "nothing more than a parroting of legal standards rather than referencing any case specific acts or omissions by any Defendant." *Buerger v. Watson*, No. 5:18-CV-000161-CMC, 2019 WL 13143618, at *12 (E.D. Tex. Sept. 30, 2019) (dismissing gross negligence claim where plaintiff failed to adequately allege that defendants acted with an extreme degree of risk or a subjective awareness of the risk involved).

Plaintiffs' petition contains only conclusory recitations of the "extreme degree of risk" and "conscious indifference" elements of gross negligence, and thus fails to state a claim and must be dismissed. *See* Petition, ¶¶ 61-62.

## CONCLUSION

Select respectfully asks this Court to grant this motion, dismiss all claims against it, and order such other and further relief as the court finds appropriate.

Respectfully submitted,

*/s/ Jordan W. Leu*

Jordan W. Leu
  Texas Bar No. 24070139
  jleu@velaw.com
Thomas P. Mitsch
  Texas Bar No. 24102218
  tmitsch@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Tel.: (214) 220-7700
Fax.: (214) 999-7715

-and-

Michael J. Moore
  Texas Bar No. 24039068
  mmoore@brownpruitt.com
BROWN PRUITT WAMBSGANSS DEAN
FORMAN & MOORE, P.C.
201 Main Street, Suite 700
Fort Worth, Texas 76102
Tel.: (817) 338-4888

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on September 25, 2023, a true and correct copy of the foregoing instrument was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Thomas P. Mitsch*
Thomas P. Mitsch