IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| BASIC ENERGY SERVICES, INC., *et al.*, | § | Case No. 21-90002 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| | § | |
| Debtors.[1] | § | |
| | § | |
| PPC ENERGY, LP and PRIEST PETROLEUM CORPORATION, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | Adversary No. 23-03208 |
| | § | |
| vs. | § | Re:  Adv. Dkts. 1 & 7 |
| | § | |
| SELECT ENERGY SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S OBJECTION TO MOTION TO REMAND**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Plaintiffs' motion to remand should be denied under the fundamental rule that a bankruptcy court retains core "arising in" jurisdiction to interpret its own orders, even after a plan is confirmed. Numerous courts have found or upheld "arising in" jurisdiction to resolve post-confirmation disputes involving section 363 sale orders, facts, and arguments similar to those presented here.  Plaintiffs fail to cite any of these cases and instead rely on generalities and cases that are not on point.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Basic Energy Services, L.P. (1819); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); Agua Libre Midstream LLC (6701); and Basic ESA, Inc. (2279). The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

Most notably, Plaintiffs oversimplify a Fifth Circuit decision, *In re Wood*,[2] to suggest that, unless a decision in this case could have an impact on the estate, "related to" jurisdiction is absent – and without "related to" jurisdiction, Plaintiffs argue there is no jurisdiction at all.  Multiple courts have rejected this argument as a misreading of *In re Wood* because there are **three** bases for jurisdiction over bankruptcy proceedings:  "arising under," "arising in," and "related to" – and the absence of **one** does not mean the absence of all **three**.  So even if Plaintiffs are correct that "related to" jurisdiction is absent, remand still should be denied because, as shown below, "arising in" jurisdiction exists.   Likewise, Plaintiffs' reliance on *In re Craig's Stores of Texas, Inc.*[3] is unpersuasive because, as subsequent courts have recognized, *Craig's Stores* dealt with "related to" claims, and its reasoning should not be applied to "arising in" claims such as those presented here.

Finally, Select respectfully submits that supplemental jurisdiction is unnecessary in this case because none of Plaintiffs' claims against Select could exist but for the existence of the Sale Order and Asset Purchase Agreement under which Select purchased assets from the Debtors.  On these facts, that should be enough for the Court to exercise "arising in" jurisdiction as to the entire case.  But even if Plaintiffs' negligence and gross negligence claims based on Select's alleged post-acquisition disposal activities require supplemental jurisdiction which only a district court can exercise, that would not warrant remand.  Instead, it would mean that Plaintiffs' negligence and gross-negligence claims (unlike the breach of contract and declaratory judgment claims which turn more directly on the Sale Order and Asset Purchase Agreement) warrant withdrawal of the reference when the case is trial-ready.  Accordingly, the Court should deny Plaintiffs' motion to remand in its entirety.

---

[2]    *Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir. 1987).

[3]    *In re Craig's Stores of Texas, Inc*., 266 F.3d 388 (5th Cir. 2001).

I.    **THIS COURT ENTERED A SALE ORDER AND APPROVED AN ASSET PURCHASE AGREEMENT WHICH ARE AT THE CORE OF PLAINTIFFS' CLAIMS AGAINST SELECT.**

On August 17, 2021 (the "***Petition Date***"), the Debtors, including Basic Energy Services, L.P. ("***Basic***"), filed these chapter 11 cases.  At that time, Plaintiffs had been litigating against Basic for almost eighteen months in the 143rd District Court of Reeves County, Texas (the "***Reeves County Case***"), where Plaintiffs alleged that Basic had destroyed Plaintiffs' oil and gas wells by operating a commercial salt-water disposal well known as the Orla Kessler.  The Reeves County Case was automatically stayed on the Petition Date.

On September 23, 2021, under section 363 and other applicable provisions of the Bankruptcy Code and Bankruptcy Rules, this Court entered an *Order (I) Approving (A) the Sale of the Water Logistics Business of the Debtors Free and Clear of All Liens, Claims, Interests, and Encumbrances and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* [Main Dkt. 438] (the "***Sale Order***") approving an Asset Purchase Agreement ("***APA***") by which Defendant Select Energy Services, LLC n/k/a Select Water Solutions, LLC ("***Select***") and certain of its affiliates purchased assets (including the Orla Kessler) from Basic and other Debtors.[4]

The Sale Order repeatedly provides that the sale of the Assets is "free and clear of . . . Liens, Claims, and Interests, except for Assumed Liabilities, Permitted Liens, and as otherwise provided in the APA."  Sale Order, ¶ X; *see also id.* at ¶ 9 ("[T]o the extent provided in the APA, such title to the Assets shall be transferred to Buyer free and clear of . . . Liens, Claims, and Interests (other than Assumed Liabilities, Permitted Liens, and as otherwise provided in the APA)

---

[4]    *See* Sale Order, ¶ 2 (approving APA).  The form of APA is on file as Main Dkt. 39-1, pp. 316-410.

. . . ."); *id.* at ¶ 13 (similar).  The term "Assumed Liabilities," when used in the Sale Order, has the meaning given to it in the APA.  *See* Sale Order, p.1 & n.2.

As this Court found in the Sale Order, Select "would not have entered into the APA and would not consummate the Sale Transaction . . . if the sale of the Assets was not free and clear of . . . Liens, Claims, and Interests (other than Assumed Liabilities, Permitted Liens, and as otherwise provided in the APA) . . . .".  Sale Order, ¶ W.  Consistent with the foregoing, the Sale Order contains multiple "No Successor Liability" provisions ordering that "[n]either the Buyer nor any of its affiliates shall assume or in any way be responsible for any liability or obligation of any of the Debtors and/or their estates except to the extent explicitly provided in the APA."  Sale Order, ¶ AA; *see also id.* at ¶ 24 ("No Successor Liability" provision finding that the consideration paid by Select under the APA "shall constitute valid, valuable, and sufficient consideration for the absolution from any potential claims of successor liability of the Buyer to the greatest extent allowed by applicable law.").  The Court expressly retained jurisdiction "to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of [the Sale] Order."  Sale Order, ¶ 26.

On October 15, 2021, this Court entered a *Stipulation and Order Granting Limited Relief from the Automatic Stay* [Dkt. 497] (the "**Lift-Stay Order**") allowing the Reeves County Case to proceed.  In the Lift-Stay Order, Plaintiffs stipulated and the Court ordered that "[t]he Debtors and their estates . . . shall not be obligated to pay any amounts owed or awarded in connection with the [Reeves County Case]."  Lift Stay Order, ¶ 3.  As a result of the Lift-Stay Order, the Reeves County

Case proceeded to trial, where Plaintiffs obtained a May 2023 judgment against Basic for common-law negligence (the "***Negligence Judgment***"). Basic has appealed the Negligence Judgment.[5]

In this case, under theories of breach of contract and declaratory judgment, Plaintiffs seek to collect the Negligence Judgment from Select on the theory that it is an "Assumed Liability" under the Sale Order and APA. Plaintiffs also, under theories of negligence and gross negligence, seek damages from Select which allegedly are based on Select's post-acquisition operation of the Orla Kessler. For the reasons stated in Select's *Motion to Dismiss* [Adv. Dkt. 5], Select denies any liability to Plaintiffs. As shown below, this Court has jurisdiction to resolve Plaintiffs' claims.

## II. THIS COURT HAS "ARISING IN" JURISDICTION TO INTERPRET AND ENFORCE THE SALE ORDER AND ASSET PURCHASE AGREEMENT.

Numerous cases hold that a bankruptcy court has core "arising in" jurisdiction to resolve whether a purchaser under a section 363 sale order, such as Select, is liable to a creditor of the debtor on a theory of assumed liability. Although Plaintiffs failed to cite any cases addressing that question in their motion to remand, ample precedent supports this Court in resolving whether the Sale Order and APA insulate Select from liability to Plaintiffs.

In *Martinez-Garcia v. FCA US LLC*, No. 1:18-CV-582, 2018 WL 10374703 (E.D. Tex. Dec. 20, 2018), for example, the plaintiff filed personal injury and other claims against FCA US LLC ("FCA") in Texas state court based on a vehicle collision. Nine years earlier, FCA had purchased substantially all of the vehicle manufacturer's assets and assumed certain of its liabilities under a Master Transaction Agreement ("MTA") approved by the U.S. Bankruptcy Court for the Southern District of New York in the Chrysler bankruptcy. *Id*. at *1.[6] As here, the plaintiff's post-

---

[5]   The Negligence Judgment and Basic's Notice of Appeal are on file with this Court as Exhibits E and F in the Appendix Supporting Defendant's Motion to Dismiss [Adv. Dkt. 5-1, pp. 139-156].

[6]   The Chrysler plan of liquidation was confirmed April 23, 2010 and its Effective Date occurred April 30, 2010. *See In re Old Carco LLC* (Bankr. S.D.N.Y. Case No. 09-50002, Dkt. Nos 6875 & 6980).

confirmation claims against FCA were based on a theory that FCA had assumed liability for such claims in the MTA. *See* 2018 WL 10374703, at *2. FCA removed the case from state court and plaintiff moved to remand. The court denied the motion to remand and, citing multiple supporting cases, explained that "[b]ecause adjudication of this case requires interpretation and application of the MTA, the case arises in or relates to a bankruptcy matter." *Id*. at *2, 6.[7] Moreover, on further examination, the court found that the proceeding was not merely a "related to" (non-core) matter, but instead a core matter subject to "arising in" jurisdiction because "cases that require a court to interpret an order of the bankruptcy court are core proceedings." *See id*. at *3-4 (citing *In re Nat'l Gypsum Co*., 118 F.3d 1056, 1064 (5th Cir. 1997)).

In addition to *Martinez-Garcia* and the cases on which it relied (*see* footnote 7 below), many other courts have reached similar holdings, including the following:

- *Factory Mut. Ins. v. Panda Energy Int'l (In re Hereford Biofuels, L.P.)*, 466 B.R. 841, 844, 847, 857, 861 (Bankr. N.D. Tex. 2012) (finding core "arising in" jurisdiction to resolve post-confirmation adversary proceeding between two non-debtor parties because it involved the interpretation and enforcement of the bankruptcy court's prior sale order; enjoining non-debtor parent company from pursuing claims against insurance company because such claims were sold "free and clear" under, and thus barred by, the sale order);

- *Wilkins v. Rymes Heating Oils, Inc*., 360 F.Supp.3d 57, 60-61 (D. N.H. 2019) (finding core "arising in" jurisdiction to resolve removed lawsuit in which creditor of the debtor sought to hold asset purchaser liable under a theory of successor liability; the sale order, like the one at issue here, provided for a sale "free and clear . . . except as otherwise

---

[7]    The lengthy citation list in *Martinez-Garcia* alone is enough to find "arising in" jurisdiction and deny Plaintiff's motion to remand: *See id*. at *2 ("*In re Motors Liquidation Co*., 829 F.3d 135, 153 (2d Cir. 2016) ("An order consummating a debtor's sale of property would not exist but for the Code"), *cert. denied sub nom. Gen. Motors LLC v. Elliott*, 137 S. Ct. 1813 (2017*); Daniels for Estate of Daniels v. FCA US, LLC*, No. CV 4:17-02300-AMQ, 2018 WL 3587004, at *5 (D.S.C. July 26, 2018); *Overton v. Chrysler Grp. LLC*, No. 2:17-CV-01983-RDP, 2018 WL 847772, at *5 (N.D. Ala. Feb. 13, 2018) ("Because Plaintiffs' claims implicate bankruptcy court orders that require interpretation, Plaintiffs' claims relate to the [CarCo] bankruptcy proceedings and subject matter jurisdiction exists."); *Martin v. Chrysler Grp., LLC*, 2013 WL 5308245 at * 4 (W.D. Va. Sep. 20, 2013) ("Plaintiffs' claims against Chrysler Group would not exist 'but for' the Sale Order entered in *In re Old Carco LLC* and thus, the instant matter 'arises in' the bankruptcy case and jurisdiction is proper under 28 U.S.C. § 1334(b).").").

expressly provided in the Asset Purchase Agreement;" ultimately affirming bankruptcy court in finding that the creditor's claims were barred by the sale order);

- *In re HNRC Dissolution Co*., No. 02-14261, 2018 WL 2970722, at *2-3 (Bankr. E.D. Ky. June 11, 2018) (explaining that "[a] bankruptcy court has [core] 'arising in' jurisdiction to interpret and enforce its own sale and confirmation orders;" finding that an argument "that the Court lacks 'related to' jurisdiction because resolution of the dispute will have no conceivable effect on the administration of the bankruptcy estate" "***misses the point***" because "[t]he Court has 'arising in' jurisdiction and that is sufficient to adjudicate the limited issue before the Court") (citing cases) (emphasis added);

- *Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 226-27, 229-30 (2d Cir. 2002) (finding core "arising in" jurisdiction to resolve buyer's post-confirmation motion to enforce sale order against debtor's landlord; the sale order enjoined creditors from pursuing the buyer on "excluded liabilities" and the Second Circuit recognized that the sale order established many of the buyer's rights with regard to the purchased lease and that the bankruptcy court thus had post-confirmation jurisdiction to interpret and enforce its own orders); and

- *Martin v. Chrysler Group, LLC*, No. 6:12-CV-00060, 2013 WL 5308245, at *4 (W.D. Va. Sept. 20, 2013) (denying motion to remand because "Plaintiffs' claim against Chrysler Group survives only if Chrysler Group assumed liability for such claim under the Sale Order and MTA. In short, Plaintiffs' claims against Chrysler Group would not exist 'but for' the Sale Order entered in *In re Old Carco LLC* and thus, the instant matter 'arises in' the bankruptcy case and jurisdiction is proper under 28 U.S.C. § 1334(b)").

Plaintiffs' fundamental error is in arguing that this Court should only consider the test for "related to" jurisdiction (which generally requires a potential impact on the bankruptcy estate), and need not separately consider whether this removed case "arises in" a bankruptcy even if the "related to" test is not met. *See* Motion to Remand, p. 6 (citing *In re Wood* and related authorities). Plaintiffs are not the first litigants to misconstrue *In re Wood* and its progeny in this way. But Judge Isgur aptly refuted Plaintiffs' exact argument at length while addressing *In re Wood* and the current state of the law concerning a bankruptcy court's ability to enforce its own orders even when there is no impact on the debtor's estate in *Cano v. GMAC Mortgage Corp (In re Cano)*, 410 B.R. 506 (Bankr. S.D. Tex. 2009):

With respect to bankruptcy cases that remain open, the Fifth Circuit has held that "it is not necessary to distinguish between proceedings 'arising under', 'arising in a case under', or 'related to a case under', title 11." *In re Wood*, 825 F.2d at 93. The Fifth Circuit noted that § 1334(b)'s language operates "conjunctively to define the scope of jurisdiction." *Id*. Consequently, with respect to cases that remain open, bankruptcy courts need only "determine whether a matter is at least 'related to' the bankruptcy." *In re Bass*, 171 F.3d at 1022 (citing *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995)); *In re Wood*, 825 F.2d at 93.

**GMAC relies upon** *Wood's* **language to contend that this Court lacks subject matter jurisdiction because Plaintiffs' claims will not affect a bankruptcy estate**. With the exception of one named Plaintiff, Plaintiffs have received chapter 13 discharges and no longer have pending bankruptcy cases. Generally, after a bankruptcy case is closed, a bankruptcy estate no longer exists, and therefore, the bankruptcy court generally will not have subject matter jurisdiction. *In re Bass*, 171 F.3d at 1022.

**Nevertheless, bankruptcy courts retain significant jurisdiction** after a discharge order is issued and a case is closed **over matters concerning the interpretation and enforcement of bankruptcy court orders** and important substantive rights granted by the Bankruptcy Code. **Such matters fall within the Court's "arising in" and "arising under" jurisdiction. The "arising in" and "arising under" prongs of § 1334 provide independent bases of jurisdiction. The Supreme Court and Fifth Circuit have explained that courts can exercise bankruptcy jurisdiction over matters that "arise in" a bankruptcy case or "arise under" the Bankruptcy Code even when the matters are not "related to" a bankruptcy case.**

**If** *Wood* **ever had the meaning attributed by GMAC (and this Court does not believe that it did), such a meaning was effectively overruled this year by the Supreme Court. In** *Travelers Indemnity*, the Supreme Court held that, post-discharge, a bankruptcy court has jurisdiction to interpret and enforce its own orders even though the bankruptcy case was closed and the claims would not affect the bankruptcy estate. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009). In *Travelers*, the bankruptcy court, in 1986, issued an order approving a settlement with Travelers Insurance and enjoining present and future litigation against Travelers. *Id*. at 2199. Despite the bankruptcy court order, numerous plaintiffs filed state court actions against Travelers. *Id*. at 2200. In 2002, sixteen years after the bankruptcy court issued its original order, Travelers moved the court for an injunction against the state court actions. *Id*. The bankruptcy court granted the injunction. *Id*. at 2200–01. The plaintiffs appealed, in part, on jurisdictional grounds, contending that "a bankruptcy court only has jurisdiction to enjoin third-party non-debtor claims that directly affect the res of the bankruptcy estate." *Id*. at 2202. **The Supreme Court rejected the plaintiffs' argument that the bankruptcy court's jurisdiction was limited to actions that could affect property of the estate.** *Id*. **at 2205. The Court held that "the Bankruptcy Court**

**plainly had jurisdiction to interpret and enforce its own prior orders.”** *Id*. (citing *Local Loan Co.* [*v. Hunt*, 292 U.S. 234, 239 (1934)].

*See* 410 B.R. at 544–46 (emphasis added) (rejecting jurisdictional challenge based on an argument that, because the claims at issue related to exempt property and any judgment would not be paid to a bankruptcy estate, the court lacked jurisdiction; expressly finding that “[t]he Court’s authority extends beyond ‘related to’ matters”).

Multiple other courts have ruled accordingly, including the following:

- *Simmons v. Johnson, Curney & Fields, P.C. (In re Simmons)*, 205 B.R. 834, 841-44, (Bankr. W.D. Tex. 1997) (finding “arising in” jurisdiction over post-confirmation malpractice claims against debtor’s bankruptcy counsel based on pre-and-post bankruptcy advice concerning the bankruptcy itself, even though such claims would not affect the estate; including a lengthy exposition of *In re Wood* which explained that the *Wood* decision actually found jurisdiction, did not “hold that ‘related to’ is the only means by which a district court has bankruptcy jurisdiction,” and instead “simply found that it need not address the other categories [of jurisdiction] in that instance” because “related to” jurisdiction was present and, therefore, sufficient);

- *Lycoming Engines v. Superior Air Parts, Inc.*, No. 3:13-CV-1162, 2014 WL 1976757, at *3-4 (N.D. Tex. May 15, 2014) (explaining that “federal courts . . . retain significant jurisdiction after a discharge order is issued . . . over matters concerning the interpretation and enforcement of bankruptcy court orders and important substantive rights granted by the Bankruptcy Code—even if the claims would not affect the bankruptcy estate.  Such matters fall within the court’s ‘arising in’ and ‘arising under’ jurisdiction;” upholding bankruptcy court’s resolution of the scope of a debtor’s discharge post-confirmation); and

- *Legal Xtranet, Inc. v. AT&T Management Servs., L.P. (In re Legal Xtranet, Inc.)*, 453 B.R. 699, 705 n.1 (Bankr. W.D. Tex. 2011) (explaining, albeit in *dicta*, that “*Wood* has been grossly misinterpreted over the years . . . . If ‘related to’ jurisdiction is found, then of course one need look no further for a basis for subject matter jurisdiction. The converse, however, is not true . . . . **A matter might, for example, not be ‘related to’ the bankruptcy case** (in the sense of having a conceivable effect on the administration of the estate, the formulation adopted by *Wood* for ‘related to’ jurisdiction), **yet clearly fall within the bankruptcy subject matter jurisdiction of the federal courts, by virtue of** either arising under a provision of title 11 (dischargeability actions are an example) or **arising in the bankruptcy case** (**an action to interpret or enforce a sale**

**order post-bankruptcy is an example**).") (internal citations omitted; emphasis added).[8]

Plaintiffs similarly are incorrect in arguing that the limitations on post-confirmation "related to" jurisdiction in *Craig's Stores* apply to core, "arising in" matters such as this case. *See* the following authorities:

- *Faulkner v. Eagle View Capital Mgmt. (In re The Heritage Org., L.L.C.*), 454 B.R. 353, 364 (Bankr. N.D. Tex. 2011) ("[T]he Court believes that the narrow test for post-confirmation jurisdiction as applied in *Craig's Stores* and its progeny was articulated in the context of proceedings which were merely 'related to' a case under title 11—and not in proceedings which either 'arose under' or 'arose in' a case under title 11. *Craig's Stores* itself—which found jurisdiction lacking—discussed the standard in the context of applying the test for 'related to' jurisdiction.") (compiling cases); and

- *Talsma v. Wells Fargo Bank, N.A. (In re Talsma)*, 509 B.R. 535, 546-48 (Bankr. N.D. Tex. 2014) (concluding that "the test from *Craig's Stores* does not apply to a claim under 11 U.S.C. § 1142(b), which is a core, 'arising in' proceeding") (citing *In re U.S. Brass Corp.*, 301 F.3d 296, 299 (5th Cir. 2002)).

The cases Plaintiffs cite are not on point. As noted above, none of Plaintiffs' cases involves claims by a debtor's creditors against a section 363 purchaser or addresses a court's ability to construe its own sale order and the related APA to determine whether removed claims are viable. *In re Wood* does not forbid bankruptcy courts from interpreting their own orders post-confirmation unless that interpretation could have an impact on the estate, and any such interpretation is inconsistent with both Judge Isgur's decision in *Cano* and the Supreme Court's decision in *Travelers*. Likewise, *In re Craig's Stores* is best understood as addressing post-confirmation "related to" jurisdiction, not the core "arising in" jurisdiction which exists here.[9] Other cases

---

[8]   Indeed, *Wood* itself stated that "[a]lthough the purpose of [the] language in section 1334(b) is to define conjunctively the scope of jurisdiction, each category has a distinguishable meaning." 825 F.2d at 96.

[9]   *Craig's Stores* involved a reorganized debtor suing a bank for breaching a contract assumed during the bankruptcy. *Id.* at 390. But as the court explained, "no facts or law deriving from the reorganization or the plan was necessary to the claim asserted by Craig's against the Bank." 266 F.3d at 391 (also finding that "the post-confirmation dispute at issue in this appeal has nothing to do with any obligation created by the debtor's reorganization plan"). The opposite is true here: the Sale Order and APA *do* derive from the reorganization, and their construction *is* necessary to determining Plaintiff's claims, which *are*

Plaintiffs cite, such as *In re Reliant Expl. Ltd*. 336 B.R. 286 (Bankr. S.D. Tex. 2005) (Schmidt, J.), are distinguishable because they did not involve sale orders; moreover, in *Reliant* (which predates both *Travelers* and *Cano*), the ORRI Conveyance at issue occurred post-confirmation, unlike the pre-confirmation sale order and APA at issue here.  As the court reasoned:

> The interpretation of and the parties' performance under the ORRI Conveyance were not matters pending "prior to confirmation."  As a result, the Court did not retain power to indefinitely oversee Opus' and the Trust's performance of the terms of the ORRI once the Plan had been confirmed and the ORRI had been created.[10]

Again, the opposite is true here: the Sale Order and APA were entered ***pre***-confirmation and Basic's confirmed plan of liquidation expressly ***did*** retain jurisdiction for this Court to address disputes arising in connection with the Asset Sales, such as this case.[11]  "Arising in" jurisdiction thus exists and the Court should deny the motion to remand.

## III.    IF NECESSARY, THE DISTRICT COURT CAN EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' POST-SALE NEGLIGENCE CLAIMS.

Plaintiffs are wrong that "***no*** supplemental jurisdiction exists as to Plaintiffs' claims that Select's own injection of saltwater (after Select took ownership of the assets from Basic) caused injury to Plaintiffs' wells."  Motion to Remand, p. 10 (emphasis added).  The Fifth Circuit has made clear that, although bankruptcy courts cannot exercise supplemental jurisdiction, district

---

based on alleged obligations created by the Sale Order and APA.  Tellingly, *Craig's Stores* expressly distinguished a case more relevant to the present dispute, *Nat'l Gypsum*, 118 F.3d at 1064, where the Fifth Circuit found that an "action seeking declaratory judgment as to whether [a] confirmation order bars collection of [an] asserted preconfirmation liability is [a] core proceeding."  *See* 266 F.3d at 391.

[10]    *Id*. at 291.

[11]    Among other things, this Court retained post-confirmation jurisdiction to "[r]esolve any cases . . . that may arise in connection with . . . the Asset Sales," "[d]etermine any other matters that may arise in connection with or relate to . . . the Asset Sales," and "[e]nforce, clarify or modify any orders previously entered by the Bankruptcy Court in the Chapter 11 Cases."  *See Order Confirming the Debtors' Combined Plan of Liquidation and Approving on a Final Basis the Disclosure Statement of Basic Energy Services, Inc. and its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Main Dkt. 1436], <u>Exhibit A</u>, pp. 87-88 of 116, Plan arts. X.G, X.K, and X.L.

courts can, even if the basis for their original jurisdiction is 28 U.S.C. § 1334 bankruptcy jurisdiction:

> Section 1367(a) provides for supplemental jurisdiction (subject to irrelevant exceptions) over claims forming part of the same case or controversy with "any civil action over which the district courts have original jurisdiction." This includes bankruptcy jurisdiction. It follows that district courts have supplemental jurisdiction over claims that form part of the same case or controversy with bankruptcy claims.

*In re TXNB Internal Case*, 483 F.3d 292, 300-01 (5th Cir. 2007) (footnote omitted) (affirming district court's exercise of supplemental jurisdiction based on bankruptcy jurisdiction in dispute between unpaid producer of natural gas, debtors who purchased the gas, and third-party who purchased gas from the debtors, resold it, and received proceeds from third parties).

Indeed, courts in the Fifth Circuit regularly exercise supplemental jurisdiction over state law claims that form part of the same case or controversy with bankruptcy claims. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 & n.4 (5th Cir. 1996) (finding that district court did not abuse its discretion by exercising supplemental jurisdiction rather than remanding state claims that were part of removed lawsuit after it dismissed all bankruptcy-related claims); *MCBB Corp. v. Planned Cmty. Devs., Ltd.*, No. CV H-20-364, 2020 WL 2065797, at *2 (S.D. Tex. Apr. 14, 2020), *report and recommendation adopted*, 2020 WL 2062264 (S.D. Tex. Apr. 29, 2020) (finding supplemental jurisdiction where state law claims arose from same facts and allegations as bankruptcy-related claims); *Allen v. Kuhlman Corp.*, 322 B.R. 280, 284 (S.D. Miss. 2005) (rejecting plaintiff's request to sever and remand claims against non-debtor defendants and finding both related-to and supplemental jurisdiction because plaintiffs sought to impose liability for the joint conduct of all defendants and it was "indisputable that the claims against the[] non-debtor defendants 'form part of the same case or controversy' and 'derive from a common nucleus of operative fact' so as to meet the demands of § 1367(a) and Article III").

Supplemental jurisdiction exists under 28 U.S.C. § 1367(a) where a claim arises from "a common nucleus of operative fact" with claims over which the court otherwise has subject-matter jurisdiction.  *TXNB Internal Case*, 483 F.3d at 301; *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.")).  "In practice, § 1367(a) requires only that the jurisdiction-invoking claim and the supplemental claim have some loose factual connection."  Charles A. Wright, Arthur R. Miller, 13D FEDERAL PRAC. & PROC. JURIS. § 3567.1; *ETDO Prods. LLC v. Cruz*, No. CV 19-13184, 2020 WL 3892811, at *3 (E.D. La. July 10, 2020) (compiling cases in support of the same and noting that the movants had not provided, nor had the "[c]ourt found Fifth Circuit precedent that has determined a loose factual connection is insufficient").

Here, and without limiting Select's position that this entire matter is an "arising in" dispute because it could only arise because of the Sale Order and APA, there is no question that, at a minimum, Plaintiffs' claims relating to Select's alleged post-acquisition continuation of salt-water injection activities arise from "a common nucleus of operative fact" with Plaintiffs' claims based on Basic's pre-acquisition injection activities.  Indeed, to adjudicate Plaintiffs' claims based on alleged post-acquisition saltwater injection activities, the trier-of-fact will need to understand the status of Plaintiffs' wells both before and after the acquisition to determine whether Select could have had any impact on Plaintiffs' alleged damages, or whether all of those alleged damages were caused or made inevitable by pre-acquisition conduct by Basic or others.  Thus, Plaintiffs pre-and-post acquisition claims are so intertwined that a plaintiff would ordinarily be expected to try them

all in one proceeding and the district court can, if necessary, exercise supplemental jurisdiction over Plaintiffs' state law negligence claims against Select under 28 U.S.C. § 1367(a).

At most, the fact that supplemental jurisdiction resides only in the district court suggests that this Court will need to recommend withdrawing the reference on the post-acquisition negligence claims at a later time.  It does not support remand to state court.  Indeed, district courts have discretion to withdraw "in whole or in part, any case or proceeding" referred to the bankruptcy court "for cause shown."  28 U.S.C. § 157(d).  And in circumstances such as these, courts in this circuit have permitted bankruptcy courts to handle pretrial matters and then withdraw the reference as to the claims for which the district court must exercise supplemental jurisdiction when they are ready for trial.  *See re In re Fort Worth Osteopathic Hosp., Inc.,* No. CIV.A. 4:07-CV-206-Y, 2008 WL 2522528, at *5 (N.D. Tex. June 25, 2008) (allowing defendant's claims for contribution against third-party non-debtor "to remain with the bankruptcy court for the limited purpose of coordinating discovery and addressing all pretrial matters, including any dispositive motions" which the district court would ultimately decide under its supplemental jurisdiction because a question had been raised about whether "related to" jurisdiction existed);[12] *In re Yazoo Pipeline Co., L.P.*, 459 B.R. 636, 642, 646 (Bankr. S.D. Tex. 2011) (Isgur, J.) (allowing plaintiffs to replead claims which may fall within the district court's supplemental jurisdiction because the reference would be withdrawn after all pretrial matters are concluded).[13]

---

[12]   In *In re Ultra Petroleum Corp.*, No. 17-3044, 2019 2524936, at *8 (Bankr. S.D. Tex. Jan. 9, 2019), cited by Plaintiffs, Judge Isgur recognized *In re Fort Worth Osteopathic Hospital* but found it "questionable" whether a bankruptcy court can reach pre-trial motions when only supplemental jurisdiction exists.  But even in *Ultra*, the result was withdrawal of the reference, not remand.

[13]   *See also Sergent v. McKinstry*, 472 B.R. 387, 403, 421-22 (E.D. Ky. 2012) (finding that, even if the bankruptcy court cannot exercise supplemental jurisdiction, the district court can do so; ultimately directing the bankruptcy court to handle all remaining pretrial matters while issuing only proposed findings of fact and conclusions of law on any dispositive motion involving supplemental claims; indicating that when the case is trial ready, the reference will be withdrawn upon motion).

Accordingly, even if the Court finds only supplemental jurisdiction for Plaintiffs' post-acquisition negligence claims, it still should deny Plaintiffs' motion to remand and wait until the case is trial-ready before recommending withdrawal of the reference solely as to the post-acquisition negligence claims as to which the District Court has supplemental jurisdiction.

## CONCLUSION

Select respectfully asks this Court to deny the motion to remand and order such other and further relief as the Court finds appropriate.

Respectfully submitted,

*/s/ Jordan W. Leu*
Jordan W. Leu
  Texas Bar No. 24070139
  jleu@velaw.com
Thomas P. Mitsch
  Texas Bar No. 24102218
  tmitsch@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Tel.: (214) 220-7700
Fax.: (214) 999-7715

-and-

Michael J. Moore
  Texas Bar No. 24039068
  mmoore@brownpruitt.com
BROWN PRUITT WAMBSGANSS DEAN
  FORMAN & MOORE, P.C.
201 Main Street, Suite 700
Fort Worth, Texas 76102
Tel.: (817) 338-4888

*Attorneys for Defendant*

## CERTIFICATE OF CONFERENCE

I certify that on dates including October 2, 2023, I conferred with counsel for Plaintiffs, Michael Reer and Jeff Prostok, regarding Plaintiffs' motion for remand. The parties were unable to resolve their disputes because of differences of opinion regarding the law surrounding removal of this action.

*/s/ Jordan W. Leu*
Jordan W. Leu

## CERTIFICATE OF SERVICE

I certify that on October 6, 2023, a true and correct copy of the foregoing instrument was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Thomas P. Mitsch*
Thomas P. Mitsch

4876-6615-9748

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| BASIC ENERGY SERVICES, INC., *et al.*, | § | Case No. 21-90002 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| | § | |
| Debtors.[1] | § | |
| | § | |
| PPC ENERGY, LP and PRIEST PETROLEUM CORPORATION, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | Adversary No. 23-03208 |
| | § | |
| vs. | § | Re:  Adv. Dkt. 7 |
| | § | |
| SELECT ENERGY SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING MOTION TO REMAND**

Upon reviewing *PPC Energy, LP and Priest Petroleum Corporation's Statement of Non-Consent and Motion to Remand* [Adv. Dkt. 7] (the "***Motion***") and any related objection and/or reply; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Basic Energy Services, L.P. (1819); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); Agua Libre Midstream LLC (6701); and Basic ESA, Inc. (2279). The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient

cause appearing therefor, it is HEREBY ORDERED THAT:

1.     For the reasons stated on the record at the _____ __, 2023 hearing, the Motion

       should be and hereby is DENIED.

Dated:  _____, 2023
Houston, Texas


_____

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**