IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | CHAPTER 11 |
| BASIC ENERGY SERVICES, INC., *et al.*, | § § | Case No. 21-90002 (DRJ) |
| Debtors.¹ | § § § § § | (Jointly Administered) |
| PPC ENERGY, LP and PRIEST PETROLEUM CORPORATION, | § § § § | |
| Plaintiffs, | § § | Adversary No. 23-03208 |
| vs. | § § § | |
| SELECT ENERGY SERVICES, LLC, | § § | |
| Defendant. | § | |

**PPC ENERGY, LP AND PRIEST PETROLEUM CORPORATION'S REPLY TO DEFENDANT'S OBJECTION TO MOTION TO REMAND**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Plaintiffs PPC Energy, LP and Priest Petroleum Corporation (collectively, "Plaintiffs"), hereby file *Plaintiffs' Reply to Defendant's Objection to Motion to Remand* and as such, respectfully show the Court the following:

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Basic Energy Services, L.P. (1819); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); Agua Libre Midstream LLC (6701); and Basic ESA, Inc. (2279). The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

# I.
## INTRODUCTION

On September 29, 2023, Plaintiffs filed a *Motion to Remand*. [Adv. Dkt. 7]. In its response [Adv. Dkt. 12], Select does not dispute Plaintiffs' contention that "related to" jurisdiction does not exist in this matter. Further, Select does not dispute that this litigation is exclusively between non-debtors and concerns post-confirmation claims brought through a post-confirmation lawsuit. Moreover, Select does not dispute that Plaintiffs' claims cannot impact either the debtor's bankruptcy estate or the approved liquidation plan.

Rather, Select contends this Court has "arising in" jurisdiction. The Court should reject Select's argument that "arising in" jurisdiction exists for at least two reasons.

**First,** Select improperly attempts to recast Plaintiffs' breach of contract claim—which concerns a dispute over whether Select accepted certain environmental liabilities through an Asset Purchase Agreement and Assumption Agreements (collectively, the "Agreements")—as a dispute concerning the Court's order approving the Agreements. [*Id.* at 3]. However, there is no legitimate dispute between the parties concerning the meaning of the Court's order, which approved the Agreements and permitted the sale of assets from Basic to Select. [*See* Main Dkt. 438].

**Second,** Select uses case law from outside the Southern District of Texas to request application of an "arising in" test that directly conflicts with the "arising in" test consistently used by bankruptcy courts within the Southern District. The Court should uphold the Southern District's precedent and reject Select's invitation to change its long-standing jurisdictional test for "arising in" jurisdiction.

Plaintiffs seek remand.

## II.
## ARGUMENT

**A.     Plaintiffs' claims do not challenge the Sale Order.**

Both parties admit the Sale Order provides that the sale of the assets from Basic to Select is "free and clear of . . . Liens, Claims, and Interests, except for Assumed Liabilities, Permitted Liens, and as otherwise provided in the APA." [Main Dkt. 438, ¶ X]. Rather, the parties dispute whether Basic's liability to Plaintiffs (which became due and owing *after* the sale to Select and *after* this Court's confirmation of Basic's plan to liquidate) is an "Assumed Liability" as defined in the Asset Purchase Agreement between Basic and Select. [Adv. Dkt. 1-1, pp. 16–17].

Tellingly, Select cannot point to any controversy raised by Plaintiffs' live pleading concerning an interpretation of the Sale Order. Rather, Plaintiffs' live pleading asserts breach of Select's obligations under the Asset Purchase Agreement and requests declaratory relief concerning whether Plaintiffs' judgment against Basic is an Assumed Liability per the terms of the Asset Purchase Agreement. [*Id.*]. As such, Plaintiffs' live pleading properly identifies the source of the dispute between Plaintiffs and Select as the Agreements, and not the Sale Order approving the Agreements. Indeed, Select's own cases squarely reject the notion that "arising in" jurisdiction exists simply because a sale order confirms a contractual agreement reached in bankruptcy:

> While we cannot—and need not—define the precise parameters of "arise in" jurisdiction, we do conclude that matters falling into the category must at the very least be of a sort that *could not have occurred but for the bankruptcy*. For example, an ordinary contract made between a debtor and another party during the pendency of a bankruptcy could have occurred whether the bankruptcy had been filed or not. *See, e.g.*, *In re Spaulding*, 131 B.R. at 87 (finding that settlement agreement reached during bankruptcy process between debtor and creditor which benefited third party did not create 'arising in' jurisdiction for third-party beneficiary who later sued creditor because indemnification action would have an existence

> outside the bankruptcy). *A bankruptcy judge's imprimatur does not automatically convert a dispute into one "arising in" the bankruptcy case*.

*In re Simmons*, 205 B.R. 834, 840–41 (Bankr. W.D. Tex. 1997) (emphasis added).[2]

Likewise, Select's extended reliance on *Cano* is misplaced. [*See* Adv. Dkt. 12, pp. 8–9]. In *Cano*, the bankruptcy court found it had "arising in" jurisdiction "over adversary proceedings alleging violations of a confirmed plan." 410 B.R. 506, 549 (Bankr. S.D. Tex. 2009). Here, there is no allegation that Plaintiffs violated the Sale Order or the confirmed plan. Because there is no allegation that Plaintiffs violated any of this Court's orders (including the Sale Order and confirmed plan), Select cannot reasonably argue that this Court has "arising in" jurisdiction premised on a bankruptcy court's authority to enforce its own orders. *Id.*; *see also Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (finding bankruptcy court had jurisdiction to enforce order enjoining present and future litigation against Travelers).

**B.     No "arising in" jurisdiction exists.**

It is telling that Select cannot identify a single case from the Southern District of Texas to support its proposition that "arising in" jurisdiction exists. [Dkt. 12, pp. 5–11]. Rather, the cases cited by Select are inapposite and not persuasive insofar as they apply a "but for" analysis (*i.e.*, would the claims exist "but for" the specific facts taking place in the bankruptcy) that is broader than, and inconsistent with, the "but for" analysis articulated by bankruptcy courts in the Southern

---

[2] Moreover, in discussing precedent concerning "arising in" jurisdiction, *In re Simmons* clearly distinguishes between disputes concerning the debtor and purchaser and disputes concerning the purchaser and a third party. *Id.* at n.12 ("This particular case is probably best understood as excluding not so much a subsequent dispute over the settlement between the debtor and the party with whom it made that settlement (which in all likelihood *does* fall within either the "arising in" or "related to" bankruptcy jurisdiction of the federal courts) but rather the suit between the non-debtor party and the third-party over the indemnification provision, which really did not owe its existence to the bankruptcy process itself.").

District of Texas for "arising in" jurisdiction (*i.e.*, would the claims exist "but for" a substantive provision of the Bankruptcy Code). *See In re Briar Bldg. Hous. LLC*, 649 B.R. 719 (Bankr. S.D. Tex. 2023); *In re USA Promlite Tech. Inc.*, 636 B.R. 743 (Bankr. S.D. Tex. 2022); *In re Cano*, 410 B.R. 506; *In re Rodriguez*, 396 B.R. 436 (Bankr. S.D. Tex. 2008); *In re USA Promlite Tech. Inc.*, No. 18-36893, 2022 WL 5224246 (Bankr. S.D. Tex. Oct. 5, 2022); *In re Speedcast Int'l Ltd.*, No. 20-32243, 2022 WL 4281474 (Bankr. S.D. Tex. Sept. 15, 2022).

As recently as 2022, Judge Isgur summarized the test applied by the Southern District of Texas for "arising in" jurisdiction:

> Many courts have examined the scope of "arising in" jurisdiction. ***The fundamental question is whether the claim is of a type that can only exist in a bankruptcy case***. *Southmark Corp. v. Coopers & Lybrand* (*In re Southmark Corp.*), 163 F.3d 925, 930–31 (5th Cir. 1999) (finding a dispute concerning court-appointed professionals' fees to be "inseparable from the bankruptcy context." The Fifth Circuit noted that it is a "*sine qua non* in restructuring the debtor-creditor relationship is the court's ability to police ... debtors-in-possession ... who are responsible for managing the debtor's estate in the best interest of creditors."); *Gupta v. Quincy Med. Ctr.*, 858 F.3d 657, 664–65 (1st Cir. 2017) ("[T]he fundamental question is whether the proceeding by its nature, not its particular factual circumstance, could arise <u>only</u> in the context of a bankruptcy case."); *Dune*, 575 B.R. at 727 (" '[C]ore' jurisdiction exists if the claims are of the type that can only exist in a bankruptcy case."); *WRT Creditors Liquidation Tr. v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 609 (S.D. Tex. 1999) ("If '[i]t is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court,' it is not a core proceeding." (quoting *Wood*, 825 F.2d at 97) (internal citations omitted)); *id.* at 612 ("[The test] is whether the claim would stand alone from the bankruptcy case."); *Schmidt v. Nordlicht*, No. H-16-3614, 2017 WL 526017, at *5 (S.D. Tex. Feb. 9, 2017) ("[W]hat matters is that these same claims could have been filed and litigated regardless of whether [the debtor] had gone bankrupt.").

*In re Speedcast Int'l Ltd.*, 2022 WL 4281474, at *5 (emphasis added).

Indeed, while Select's brief relies heavily on and cites extensively to *Cano*, Select wholly fails to mention that the test for "arising in" jurisdiction articulated by *Cano* and other bankruptcy judges in the Southern District completely contradicts Select's jurisdictional argument: "Generally, a matter arises in a case under title 11 if it, by its nature, could arise ***only*** in the context of a bankruptcy case." 410 B.R. at 545 (emphasis added); *see also Rodriguez*, 396 B.R. at 449 (same); *In re USA Promlite Tech. Inc.*, 2022 WL 5224246, at *2 ("'Arising in' jurisdiction requires that the proceeding 'would have no existence outside of the bankruptcy,' ***where the asserted causes of action are not based on any provision of the Bankruptcy Code***.") (emphasis added).

Select's argument considers only whether the facts giving rise to Select's liability to Plaintiffs occurred through transactions taking place in the context of bankruptcy. [Adv. Dkt. pp. 5–11]. Select provides no analysis of whether Plaintiffs' claims could arise "only in the context of a bankruptcy case," which is required for "arising in" jurisdiction. *See Cano*, 410 B.R. at 545; *Rodriguez*, 396 B.R. at 449; *Promlite*, 2022 WL 5224246, at *2. And, when determining whether a claim can arise "only in the context of a bankruptcy case," courts in the Southern District have considered whether the claims, "by their nature, ***not their particular factual circumstances***, could only arise in the context of a bankruptcy case." *See Cano*, 410 B.R. at 545 (quoting *Geruschat v. Ernst & Young LLP (In re Seven Fields Dev. Corp.)*, 505 F.3d 237, 260 (3d Cir. 2007) (emphasis added); *Rodrigues*, 396 B.R. at 449 (same); *In re Speedcast Int'l Ltd.*, 2022 WL 4281474, at *5 (quoting *Gupta v. Quincy Med. Ctr.*, 858 F.3d 657, 664–65 (1st Cir. 2017)).

Here, although the "particular factual circumstances" giving rise to Plaintiffs' claims concern breach of a contract executed during bankruptcy, a breach of contract action clearly does not arise "only in the context of a bankruptcy case." Rather, parties routinely sell assets based on agreements that contain indemnities and negotiated risk allocations outside the bankruptcy context.

Where the cause of action does not arise "only in the context of a bankruptcy case" bankruptcy courts in the Southern District have consistently found no "arising in" jurisdiction. *See Promlite*, 636 B.R. at 753 ("Plaintiffs do not argue that their breach of contract claim is based on substantive rights provided by the Bankruptcy Code and this Court does not find any such rights relevant to this proceeding. Additionally, this case landed in this Court only because Promlite filed a Notice of Removal based on its underlying bankruptcy case. If not for Promlite's bankruptcy, the claim asserted could have been adjudicated on the merits in the state court."); *Promlite*, 2022 WL 5224246, at *2 ("This Court lacks both arising in and arising under jurisdiction because Plaintiffs' remaining cause of action for breach of contract is neither created or determined by title 11 nor does it arise only in bankruptcy . . . 'Arising in' jurisdiction requires that the proceeding 'would have no existence outside of the bankruptcy,' where the asserted causes of action are not based on any provision of the Bankruptcy Code."); *Briar Bldg.*, 649 B.R. at 727 ("Next the Court considers if the claims and rights presented in this Adversary Proceeding are those that only arise in the context of bankruptcy. As discussed, matters that 'arise in' are primarily administrative in nature. Here, clearly a breach of guaranty is not a proceeding that occurs only in the context of bankruptcy."); *Speedcast*, 2022 WL 4281474, at *5 ("Claims for breach of fiduciary duty may arise outside of a bankruptcy case.").

Moreover, under Select's ever-expansive view of "arising in" jurisdiction, this Court would have jurisdiction to adjudicate environmental liabilities relating to assets sold to Select indefinitely for years to come, even though Basic's liquidation plan has been confirmed. This is the exact result cautioned against in *In re Reliant Expl. Ltd.*, 336 B.R. 286, 290–91 (Bankr. S.D. Tex. 2005), where the court declined to exercise jurisdiction over a post-confirmation dispute concerning "an

overriding royalty conveyance that was negotiated and executed by the Trust and approved by this Court in connection with the confirmation of the Debtor's plan":

> If the Court were to adopt the Trustee's contention that jurisdiction exists over this contractual dispute, the bankruptcy would continue for years to come, even though the Plan has been confirmed. Each time a dispute occurred as to the manner in which the ORRI is to operate, this Court would be charged with resolving the dispute under the Trustee's all-encompassing view of the Court's jurisdiction. This would result in perpetual jurisdiction by this Court over matters outside the scope of its authority. No basis exists for this Court to resolve this post-confirmation, non-bankruptcy dispute and it should be dismissed.

*Id.*

Select tries to avoid the "arising in" test applied by bankruptcy courts in the Southern District (*i.e.*, whether the cause of action could arise "only in the context of a bankruptcy case") by citing to case law outside the district because the result under the Southern District's test, if applied, is clear. A breach of contract action related to the sale of an asset can and does arise outside the context of a bankruptcy case. Therefore, "arising in" jurisdiction does not apply.

**C.     No supplemental jurisdiction exists.**

Select's contention that a common nucleus of operative fact exists between Plaintiffs' breach of contract and requests for declaratory relief, on the one hand, and Plaintiffs' negligence and gross negligence claims, on the other, is incorrect.

Plaintiffs' breach of contract claim and request for declaratory relief concerns whether Select agreed, through the Asset Purchase Agreement and the Assumption Agreements, to assume environmental liabilities related to the final judgment entered by the Reeves County District Court in May 2023. [Adv. Dkt. 1-1, pp. 9–10, ¶¶ 63–75].

In contrast, Plaintiffs' negligence and gross negligence claims concern whether post-transaction injections of wastewater by Select into the Orla Kessler well caused damage to Plaintiffs' oil and gas wells. [Adv. Dkt. 1-1 pp. 8–9, ¶¶ 53–62].

Select attempts to obfuscate the obvious lack of factual overlap between Plaintiffs' contractual claims and negligence claims by arguing that a common nucleus of operative fact exists between Plaintiffs' negligence claims against Select in this lawsuit and Plaintiffs' negligence per se claims against Basic in the Reeves County District Court action. [Adv. Dkt. 12, p. 13 ("there is no question that, at a minimum, Plaintiffs' claims relating to Select's alleged post-acquisition contamination of salt-water injection activities arise from a common nucleus of operative fact with Plaintiffs' claims based on Basic's pre-acquisition injection activities.")]. However, Plaintiffs' claims against Basic have already been tried and adjudicated in prior state-court litigation. [*See* Dkt. 5-1, pp. 144–45]. Select cannot reasonably argue supplemental jurisdiction on the basis of a "common nucleus of operative fact" between Plaintiffs' negligence claims against Select and Plaintiffs' prior negligence per se claims against Basic because Plaintiffs' claims against Basic have already been adjudicated and are not at issue in this litigation.

Indeed, it is axiomatic that for supplemental jurisdiction to attach to Plaintiffs' negligence claims against Select, there must be federal jurisdiction over the claims Select contends share the common nucleus of operative fact (*i.e.*, Plaintiffs' negligence per se claims against Basic). *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997) ("[T]his Court has long adhered to principles of pendant and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that derive from a common nucleus of operative fact, such that the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional

case.") (internal quotations omitted). Here, there is no federal jurisdiction over Plaintiffs' claims against Basic. Rather, those claims have already been tried and adjudicated by the state court. Therefore, they cannot form the basis for supplemental jurisdiction.

Rather, Plaintiffs' breach of contract and negligence claims are so factually disparate that it is not reasonable to contend "that a party would ordinarily be expected to try them together." *See Federal Sav. and Loan Ins. Corp. v. Mackie*, 962 F.2d 1144, 1149 (5th Cir. 1992).

Moreover, the principles of judicial economy do not support the exercise of supplemental jurisdiction here, because (as Select admits) the bankruptcy court cannot exercise supplemental jurisdiction. *See Brown v. Knox*, 547 F.2d 900, 903 (5th Cir. 1977) (considering whether principles of judicial economy "dictate the assumption of jurisdiction over the state claims"). Therefore, even if supplemental jurisdiction exists—which is disputed—Select admits that Plaintiffs' breach of contract claims concerning the Agreements and Plaintiffs' negligence claims against Select ***will still be adjudicated separately***. [Adv. Dkt. 12, p. 15 ("the Court . . . should deny Plaintiffs' motion to remand and wait until the case is trial-ready before recommending withdrawal of the reference solely as to the post-acquisition negligence claims as to which the District Court has supplemental jurisdiction.")].

Therefore, even if "arising in" jurisdiction exists, the Court should not exercise supplemental jurisdiction over Plaintiffs' negligence and gross negligence claims.

## V.
## CONCLUSION AND RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court: (a) grant *PPC Energy, LP and Priest Petroleum Corporation's Statement of Non-Consent and Motion to Remand* [Adv. Dkt. 7]; (b) remand this action to the 157th Judicial District of Harris County, Texas; (c) direct the clerk of court to effect remand in accordance with the usual

procedure; and (d) order recovery of Plaintiffs' reasonable and necessary fees incurred in bringing this motion.

          Respectfully submitted,

          */s/ Michael Reer*

          Jeff P. Prostok
          State Bar No. 16352500
          jprostok@forsheyprostok.com
          Deirdre Brown
          State Bar No. 24049116
          dbrown@forsheyprostok.com
          FORSHEY & PROSTOK LLP
          777 Main St., Suite 1290
          Fort Worth, TX 76102
          Telephone: (817) 877-8855
          Facsimile: (817) 877-4151

          and

          Michael K. Reer
          S.D. Tex. ID. 3272174
          State Bar No. 24088281
          mreer@hfblaw.com
          **HARRIS, FINLEY & BOGLE, P.C.**
          777 Main Street, Suite 1800
          Fort Worth, Texas 76102
          Telephone No.: (817) 870-8700
          Facsimile No.: (817) 332-6121

          **ATTORNEYS FOR PLAINTIFFS**
          **PPC ENERGY, LP AND PRIEST**
          **PETROLEUM CORPORATION**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing instrument has been served on all parties and counsel of record in compliance with the Federal Rules of Civil Procedure on this 9th day of October 2023.

_/s/ Michael K. Reer_
Michael K. Reer